**Commonwealth v. Leffler**

110

*Oscar F. Spicer*, District Attorney, for Commonwealth.

*John G. Bergdoll*, for defendant.

MacPHAIL, P. J., October 2, 1970.—This is an appeal from summary convictions. Defendant was charged with five violations of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §101, et seq. After a hearing at which he was represented by counsel, he was found guilty of all charges. He then perfected an appeal under the provisions of the Act of December 2, 1968 (no. 355), 42 PS §3001, et seq.

Counsel for defendant filed a praecipe for non pros. with the clerk of courts, certifying therewith that he, defendant's counsel, had not been served with a copy of the transcript by the issuing authority as required by section 3(d) of the Minor Judiciary Court Appeals Act of December 2, 1968 (no. 355) 42 PS §3003(d). No action was taken by the clerk of courts, nor could any be taken. A judgment of non pros. may be entered by the clerk only when the issuing authority fails to *file* within 20 days, his transcript, etc. Section 3(e) makes no provision for sanctions against the Commonwealth if the issuing authority fails to *serve* the lawyer with a copy of the transcript. Whether

the oversight was intentional or not, we do not know, but it is for the legislature to remedy.

Certainly, in this case, the failure of the issuing authority to send a copy of the transcript to the attorney should not render the proceedings a nullity. The attorney was present at the hearing. He did not object to the transcript when he did see it. Significantly, section 3(f) provides that when the transcript and other papers of the proceeding have been filed, the case *shall* be heard de novo by the court of common pleas.

Therefore, we conclude that we had no choice other than to hear the matter and render a decision on the facts, notwithstanding the failure of the issuing authority to serve a copy of the transcript on defendant's counsel.

## ORDER OF COURT

And now, October 15, 1970, the action of the clerk of courts in refusing to enter a judgment of non pros. is affirmed. The court finds defendant guilty of violating sections 1001(1), 1004 and 1002(b) of The Vehicle Code. All other charges are dismissed. Unless defendant has paid a fine in the sum of $25 for violating section 1001(1), a fine of $10 for violating section 1004 and a fine of $10 for violating section 1002(b), together with the costs of prosecution, before 9:30 a.m., October 30, 1970, he shall appear in open court at that time and on that date for the imposition of sentence.